McKinney, J.,
delivered the opinion of the Court.
This was an action of debt on an award. The defendant pleaded “no award.” On the trial, verdict and judgment were rendered for the defendant.
The reference of the matters in dispute was an agreement of the parties merely, and the terms of submission were in writing, signed and sealed by the parties. The plaintiff and defendant disagreed in respect to the relative value of the different portions of a tract of land previously held by them in common, and which by their mutual consent had recently been divided. The division was by a road which ran through the land, separating it into unequal parts, and it was understood that the difference in value should be paid in money, by the owner of the more valuable part, to the other.
The persons selected as arbitrators were William H. Bomar and John M. Stokes.
The instrument of submission, contains the following provision: “In case said Bomar and Stokes cannot agree, they shall select a third disinterested person as umpire, and in that case the determination of the majority' shall be the award.”
The arbitrators, it seems, differed in opinion; and thereupon they mutually selected Daniel Stephens as *264 umpire. After the selection of the umpire, Bomar, at the instance of the defendant Arnold, refused to act further in the matter as an arbitrator; and Stokes, the other arbitrator, and Stephens, the umpire, proceeded alone to make an award in writing, by which they awarded that Arnold should pay to Mullins two hundred and fifty dollars, the difference in value, in their judgment, between the respective lots of land.
It was objected on the trial that the award was a nullity, because upon its face it was not in conformity with the submission. And of this opinion was the Circuit Judge, and he so instructed the jury.
In this instruction we think there is no error. In general, where a reference is made to two arbitrators, and in case of disagreement to an umpire, if they fail to agree and do not make an award, the umpire may proceed alone. And in such case the umpirage is in law the award of the umpire alone; though it seems that if the arbitrators join with him in his umpirage, it will be treated as surplusage, and will not vitiate the award. 1 Steph. N. P., 63-66.
But in the case under consideration, the principle is excluded by the terms of the' submission, which require the concurrence of at least one of the arbitrators with the umpire to make an award; for otherwise there cannot be a majority. In construing this clause of the submission deed, it is obvious that the third person to be selected cannot be viewed as an umpire, but rather as a third arbitrator. And in legal effect, it is a reference to three arbitrators, in the event that happened, with authority to two or a majority of them to make an award.
The authority of arbitrators is governed by the same *265 principles which are applicable to any other power or authority delegated by one person to another. Hence it is settled that where a reference is made to several arbitrators, they must all join in making the award. Watson on Awards, 28 Law. Lib., p. 102, marg. It has likewise been held that upon a reference to three arbitrators, with authority to them or any tivo of them to make an award, “although two have jurisdiction of the case, yet it is according to the rules of law, which only give the exercise of such a power to two where the third has had notice, so that he might have attended the meetings if he had pleased; and that under such a reference the Courts would set aside an award made by two of three arbitrators, if the third had not due notice of the meetings.” lb. So upon a reference to three arbitrators, in which it was provided that any two of them might make an award, it appears that one of the arbitrators declined to have any thing more to do with the matter. The other two afterwards prepared and sent to him the draft of an award, to which he stated objections; after this the other two made an award different from the draft award which had been sent to the third arbitrator, without again consulting him, and the Court set aside the award, on the ground that the third arbitrator should have had an opportunity of discussing the award before it was finally agreed on. lb. Though it seems that if the award had been made by the two immediately upon the third declining to act, and before they had again consulted him, it might have been good. 1 Steph. N. P., 67; 3 Ad. & El., 245.
The principle of these authorities is decisive of the case before us. It is clear, from the submission, that *266 it was the intention of the parties, if the two arbitrators selected could not agree, that they should call to their aid a third person, with whom they should consult and deliberate conjointly; and still, if all could not concur in any final result, that the award of a majority should be held binding. Bomar declined acting in the matter immediately after the selection of Stephens. He had no notice of the meeting at which the award was finally agreed on; no opportunity of attending such meeting if disposed to do so; nor was he consulted respecting the award. We are of opinion therefore that the award is not binding on the defendant. If Bomar had been notified of their meetings by the other two arbitrators, and still had persisted in his refusal to act or join them in their deliberations, the award of the two might have been good. But the mere refusal of Bomar, before any meeting by the other two for the purpose of making the award, was not sufficient to entitle them to proceed to make a final award without notice to him.
It is clear that a submission to arbitration, being merely an authority, is revocable before it is executed; but it is no less clear that the revocation must be by an instrument of as high a nature as that by which it was created. Hence, the submission in the present case being by deed, the supposed parol revocation by Arnold was wholly inoperative.
Judgment affirmed.